UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY BOONE, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO., et al.,<br><br>                    Defendants. | No. 2:16-cv-1293-GEB-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Marty Boone and Ronda Boone, proceeding in this action without counsel, have requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. For the reasons discussed below, the court concludes that the case should be dismissed without leave to amend and plaintiffs' motion to proceed *in forma pauperis* be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

I.  Legal Standards

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

////

////

////

II.     Allegations of the Complaint

Plaintiffs allege in their complaint that, on May 2, 2006, they "executed a negotiable promissory note and a security interest in the form of a deed of trust in the amount of $328,000" for the property located at 155 Ritter Ct., Fairfield, CA 94534-2998 (the "subject property"). (ECF No. 1 at 2.)  Plaintiffs allege further that, on August 30, 2006, the promissory note "was sold, transferred, assigned and securitized in the Harborview Mortgage Loan Trust 2006-8," for which defendant Deutsche Bank National Trust Co. ("Deutsche Bank") acted as trustee. (Id.) Plaintiffs also allege that "[o]n or about November 24, 2014[,] defendant[ ] [Deutsche Bank], as trustee for Harborview Mortgage Loan Trust 2006-8 . . . . [,] had agents from Western Progressive file a fraudulent foreclosure complaint for the subject property." (Id.) Plaintiffs allege that "Sheriff Thomas A. Ferrara[ ] delivered an eviction notice to the [subject property]" on June 3, 2016. (Id. at 4.)  Finally, plaintiffs allege that "[t]he property was illegally transferred on October 19, 2016." (Id.)

Plaintiffs name only Deutsche Bank and the Solano County Sheriff Department as defendants to this action.  Plaintiffs' first, second, and third causes of action all assert that defendants either violated or conspired to violate plaintiffs' "rights privileges, and immunities secured by the United States Constitution and Federal Law" pursuant to 42 U.S.C. §§ 1983, 1985. (ECF No. 1 at 4-7.)  Plaintiffs also assert the following five additional causes of action: (1) malicious abuse of process; (2) "conspiracy," in violation of 18 U.S.C. §§ 241, 242; (3) intentional infliction of emotional distress; (4) mail fraud; and (5) "security fraud."

III.    Discussion

For their first three claims, plaintiffs assert that defendants violated 42 U.S.C. §§ 1983, 1985.  The complaint's deficiencies with regard to these claims are legion.  First, plaintiffs in no way identify in their allegations which specific constitutional or other federal rights defendants violated, nor do they allege any facts plausibly alleging that any such rights were violated. Section 1983 does not provide substantive rights; rather, it is "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (citations and internal quotation marks omitted).  In pertinent part, Section 1983 states as follows:

3

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To sufficiently plead a cognizable Section 1983 claim, a plaintiff must allege facts from which it may be inferred that (1) he or she was deprived of a federal right, and (2) a person who committed the alleged violation acted under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). Additionally, a plaintiff must allege that he or she suffered a specific injury and show a causal relationship between the defendant's conduct and the injury suffered. See Rizzo v. Goode, 423 U.S. 362, 371-72 (1976).

With regard to the first element of a Section 1983 claim, plaintiffs' allegations in no way articulate the specific constitutional or other federal right or rights defendants violated, let alone set forth factual allegations giving rise to a cognizable claim that defendants violated federal rights individually held by plaintiffs that may be vindicated pursuant to Section 1983.

Furthermore, in order to maintain a claim under Section 1983, plaintiffs must show that the actions complained of are "fairly attributable" to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Vincent v. Trend W. Technical Corp., 828 F.2d 563, 567 (9th Cir. 1987) (observing that the United States Supreme Court considers four factors to determine whether conduct by a private entity or person is "fairly attributable" to the state: source of funding, impact of state regulation, performance of a "public function," and the existence of a "symbiotic relationship" between the state and the actor). Plaintiffs' allegations in no way demonstrate that defendant Deutsche Bank, a private entity, was acting under the color of state law such that its actions were "fairly attributable" to the state. Plaintiffs merely allege that Deutsche Bank engaged in the nonjudicial foreclosure process set out in California Civil Code § 2924 in an attempt to foreclose on the real property at issue. However, it is been held by both the California Supreme Court and the Ninth Circuit Court of Appeals that a state's nonjudicial foreclosure process does not constitute state action and does not implicate constitutional due process

1  protections when utilized by private actors. Garfinkle v. Super. Ct., 21 Cal. 3d 268, 281 (1978);
2  Apao v. Bank of N.Y., 324 F.3d 1091, 1094-95 (9th Cir. 2003).  Furthermore, while plaintiffs
3  also allege that Sheriff Ferrara "delivered an eviction notice" to the property at issue, the facts
4  alleged in the complaint in no way show any connection between this action and the alleged
5  actions of Deutsche Bank.  Indeed, the facts alleged in the complaint show that Deutsche Bank's
6  actions took place over a year and a half prior to Sheriff Ferrara's alleged actions and in no way
7  demonstrate that those parties' actions were somehow connected in such a manner that Deutsche
8  Bank's actions could be plausibly said to have performed a "public function," had a sufficiently
9  "symbiotic relationship" with the state, or otherwise satisfied any of the Supreme Court's tests for
10 demonstrating that it acted under the color of state law under Section 1983 in its role as an
11 otherwise private actor. See Vincent, 828 F.2d at 567-69.  Accordingly, the court recommends
12 that plaintiffs' Section 1983 claims against Deutsche Bank be dismissed without leave to amend.
13         With regard to the Solano County Sheriff's Department, plaintiffs' Section 1983 claims
14 fail as that defendant is not a "person" within the meaning of that statute.  The term "persons"
15 encompasses state and local officials sued in their individual capacities, private individuals, and
16 entities which act under the color of state law and local governmental entities.  Vance v. Cnty. of
17 Santa Clara, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996).  However, the Solano County Sheriff's
18 Department is a municipal department of Solano County, and is not, as a general matter,
19 considered a "person" within the meaning of Section 1983.  See United States v. Kama, 394 F.3d
20 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not
21 considered 'persons' within the meaning of Section 1983."); Rodriguez v. Cnty. of Contra Costa,
22 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing Hervey v. Estes, 65 F.3d 784, 791 (9th
23 Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under
24 Monell, sub-departments or bureaus of municipalities, such as the police departments, are not
25 generally considered "persons" within the meaning of § 1983."); Nelson v. Cty. of Sacramento,
26 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from
27 Section 1983 action "with prejudice" because it "is a subdivision of a local government entity,"
28 i.e., Sacramento County); Gonzales v. City of Clovis, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013)

1  (holding that the Clovis Police Department is not a "person" for purposes of Section 1983); Wade
2  v. Fresno Police Dep't, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno
3  Police Department to not be a "person" under Section 1983).  Because the Solano County
4  Sheriff's Department is not a "person" within the meaning of Section 1983, plaintiffs cannot
5  maintain their claims against it under that statute as a matter of law.

6        Moreover, even had plaintiffs properly named or substituted in Solano County as a
7  defendant to this action, their complaint would still fail to state a cognizable Section 1983 claim.
8  Because there is no *respondeat superior* liability under Section 1983, counties and municipalities
9  may be sued under Section 1983 only upon a showing that an official policy or custom caused the
10  constitutional tort.  Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691-94
11  (1978).  Stated differently, "[i]t is only when the execution of the government's policy or
12  custom… inflicts the injury that the municipality may be held liable under § 1983."  Canton v.
13  Harris, 489 U.S. 378, 385 (1989).  "[L]ocal governments, like any other § 1983 'person,' . . . may
14  be sued for constitutional deprivations visited pursuant to governmental 'custom' even though
15  such a custom has not received formal approval through the body's official decisionmaking
16  channels."  Monell, 436 U.S. at 690-91.  A local governmental entity may "be liable if it had a
17  policy or custom of failing to train its employees and that failure to train caused the constitutional
18  violation."  Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992).  In order to state a claim
19  under this "failure to train" theory the "municipality's failure to train its employees in a relevant
20  respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained
21  employees] come into contact.'"  Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting
22  City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)).

23        With regard to the pleading requirements for stating a claim under Monell, one federal
24  district court in California has explained:

25        In order to withstand a motion to dismiss for failure to state a claim,
      a Monell claim must consist of more than mere "formulaic
26        recitations of the existence of unlawful policies, customs, or
      habits."  Warner v. Cnty of San Diego, 2011 U.S. Dist. LEXIS
27        14312, at *10, 2011 WL 662993 (S.D. Cal., Feb. 14, 2011).  Prior
      to the Supreme Court's holdings in Twombly and Iqbal, the Ninth
28        Circuit had held that "a claim of municipal liability under section

> 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) (quoting Shah v. Cnty. of L.A., 797 F.2d 743, 747 (9th Cir. 1986)). In light of Twombly and Iqbal, however, something more is required; mere conclusory allegations are insufficient. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 557; see also Warner, 2011 U.S. Dist. LEXIS 14312, at *10, 2011 WL 662993.

J.K.G. v. County of San Diego, 2011 WL 5218253 at *8 (S.D. Cal. Nov. 2, 2011).

Here, plaintiffs merely allege that "Sheriff Thomas A. Ferrara[ ] delivered an eviction notice" to the subject property and that "[d]efendants are the 'moving force' behind [plaintiffs'] deprivations." (ECF No. 1 at 4, 12.) There are no allegations in the complaint suggesting the existence of a particular policy or custom, let alone that it was a policy or custom of the county entity that led Sheriff Ferrara to deliver the eviction notice. Indeed, plaintiffs fail to allege that Sheriff Ferrara even worked for the Solano County Sheriff's Department or some other sub-department of the County of Solano.

Because plaintiffs cannot properly allege a Section 1983 claim against the Solano County Sheriff's Department and the complaint otherwise fails to provide a proper factual basis on which to assert such a claim against the proper county entity, the court recommends that such claims be dismissed without leave to amend.

Furthermore, plaintiffs' Section 1985 claims should be dismissed without leave to amend because they are premised on the same allegations as plaintiffs' unsuccessful Section 1983 claims. A party cannot state a conspiracy claim under 42 U.S.C. § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983 where both claims are premised on the same factual allegations. See Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"); accord Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005). Here, plaintiffs' claims brought pursuant to 42 U.S.C. § 1985 and 42 U.S.C. § 1983 are based on the same underlying factual allegations. Because plaintiffs' Section 1983 claims are subject to dismissal, their Section 1985 claims are likewise subject to

1  dismissal.

2  Plaintiffs' fourth cause of action for abuse of process also fails to state a cognizable claim
3  because the allegations of the complaint fail to show that defendants initiated any judicial process.
4  In order to state a cognizable claim for the tort of abuse of process under California law a plaintiff
5  must allege that the defendant used the legal process against plaintiff with an ulterior motive and
6  through a willful act of using the legal process in a manner not proper in the regular conduct of
7  the proceedings. Rusheen v. Cohen, 37 Cal. 4th 1048, 1057 (2006); Booker v. Roundtree, 155
8  Cal. App. 4th 1366, 1371 (Cal. Ct. App. 2007). "[T]he essence of the tort [is] ... misuse of the
9  power of the court; it is an act done in the name of the court and under its authority for the
10 purpose of perpetrating an injustice." Rusheen, 37 Cal. 4th at 1057 (quoting Meadows v.
11 Bakersfield S. & L. Assn. 250 Cal. App. 2d 749, 753 (Cal. Ct. App. 1967)). "To succeed in an
12 action for abuse of process, a litigant must establish that the defendant (1) contemplated an
13 ulterior motive in using the process, and (2) committed a willful act in the use of the process not
14 proper in the regular conduct of the proceedings." Id.

15 There are no facts indicating that either defendant named in the complaint abused process
16 in litigation. Plaintiffs do not even allege that defendants used any legal process to initiate the
17 alleged foreclosure, nor do they identify any such legal process. Plaintiffs' vague and conclusory
18 allegations do not address the essential elements of a claim for abuse of process, i.e., the misuse
19 of the power of a court, and are clearly insufficient. If anything, the allegations of the complaint
20 indicate that defendant Deutsche Bank attempted to foreclose on plaintiffs' property via
21 California's non-judicial foreclosure process, which cannot give rise to a claim for abuse of
22 process as a matter of law. See Sexton v. IndyMac Bank F.S.B., 2011 WL 4809640, at *5 ("A
23 nonjudicial foreclosure is generally not considered the type of 'process' the tort of abuse of
24 process was meant to address because by its very definition it does not involve judicial action.").
25 Accordingly, plaintiffs' fourth claim for abuse of process should be dismissed without leave to
26 amend.

27 Plaintiffs' fifth and seventh claims both appear to seek defendants' prosecution under
28 federal criminal statutes. Specifically, plaintiffs' fifth claim seeks relief under 18 U.S.C. §§ 241,

242, both of which are federal criminal statutes. (ECF No. 1 at 8-9.) Their seventh claim seeks relief for "mail fraud" under 18 U.S.C. §§ 1341, 1342, both of which are also federal criminal statutes. (Id. at 10.) Plaintiffs, as private citizens, do not have standing to prosecute any criminal claims, or to compel the prosecution of criminal charges by virtue of a civil action. Criminal charges may only be brought by an appropriate prosecutorial authority, such as a United States Attorney's Office, in its discretion. Nor do any of the criminal statutes under which plaintiffs seek relief provide for a private right to pursue a civil action against those who violate those statutes' provisions. Accordingly, plaintiffs' fifth and seventh claims should be dismissed without leave to amend.

For their sixth cause of action, plaintiffs assert a claim against defendants for intentional infliction of emotional distress ("IIED"). The elements of a claim for IIED are as follows: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Ess v. Eskaton Props., Inc., 97 Cal.App.4th 120, 129 (2002) (quoting Cervantez v. J.C. Penney Co., 24 Cal.3d 579, 593, 156 (1979)). Outrageous conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993). Emotional distress is "severe" when it is "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970). The defendant's conduct must have been intended to inflict injury or be done with the realization that injury will result. Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991). Moreover, the defendant's conduct must have been "directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." Id.

As an initial matter, the court notes that plaintiffs provide only conclusory allegations with regard to their IIED claims that essentially consist of a recitation of the elements for IIED. Such allegations are insufficient to state a cognizable claim. See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not

suffice.").

Moreover, to the extent plaintiffs attempt to allege that Deutsche Bank caused plaintiffs emotional distress in attempting to foreclose on the subject property, such an allegation is insufficient to show that that defendant engaged in the sort of "extreme or outrageous" conduct required to sustain an IIED claim. See, e.g., Davenport v. Litton Loan Servicing, LP, 725 F.Supp.2d 862, 884 (N.D. Cal. 2010) (holding that the act of foreclosing on a home "falls shy of 'outrageous,' however wrenching the effects on the borrower"); Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc., 2010 WL 3769459, at *4-5, 13 (N.D. Cal. Sept. 22, 2010) (holding that the act of foreclosing on a home by itself does not constitute outrageous conduct for an intentional infliction of emotional distress claim).

Similarly, plaintiffs cannot state a cognizable claim against the Solano County Sheriff's Department. The allegations of the complaint merely state that "Sheriff Thomas A. Ferrara[ ] delivered an eviction notice" to the subject property. (ECF No. 1 at 4.) The allegations in no way indicate that Sheriff Ferrara, who is not named as a defendant to this action, was an employee of or otherwise acting on behalf of the Solano County Sheriff's Department at the time the eviction notice was delivered, such that that defendant could be held liable under a theory of *respondeat superior* for his alleged actions. Furthermore, nothing alleged in the complaint suggests that Officer Ferrara's delivery of the eviction notice in the context of the facts alleged constituted sufficiently "extreme or outrageous" conduct that could support an IIED claim. Accordingly, the court recommends that plaintiffs' IIED claims be dismissed without leave to amend.

Finally, plaintiffs' allegations regarding their eighth claim for "security fraud" also fail to state a cognizable claim. Styled as a claim for "security fraud," plaintiffs appear to allege that defendant Deutsche Bank, acting as trustee for "Harborview Mortgage Loan Trust 2006-8," fraudulently induced plaintiffs into the mortgage loan contract by concealing its "mortgage back [*sic*] security scheme" with regard to that loan. (ECF No. 1 at 10-11.) As best as the court can discern, it appears that plaintiffs attempt to allege a claim for fraud based on Deutsche Bank's alleged concealment of the fact that plaintiffs' mortgage loan would be pooled with others and securitized.

10

The elements of a fraud claim under California law are:  (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action."  Conrad v. Bank of America, 45 Cal. App. 4th 133, 156 (Cal. Ct. App. 1996).  "The absence of any one of these required elements will preclude recovery."  Wilhelm v. Pray, Price, Williams & Russell, 186 Cal. App. 3d 1324, 1332 (Cal. Ct. App. 1986).  To establish fraud through concealment, a plaintiff must show that the defendant had a duty to disclose the concealed facts.  OCM Principal Opportunities Fund v. CIBC World Mkts. Corp.,157 Cal. App. 4th 835, 845 (Cal. Ct. App. 2007).  "In addition, for a viable cause of action for fraud, the pleading must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated."  Nagy v. Nagy, 210 Cal. App. 3d 1262, 1269 (Cal. Ct. App. 1989); Zumbrun v. University of Southern California, 25 Cal. App. 3d 1, 12 (Cal. Ct. App. 1972).

Here, plaintiffs cannot, as a matter of law, establish that they suffered damages as a result of any concealment of the fact that their mortgage was securitized.  "[S]ecuritization merely creates a separate contract, distinct from [p]laintiffs['] debt obligations under the note and does not change the relationship of the parties in any way."  Reyes v. GMAC Mortgage LLC, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) (internal quotation marks omitted) (dismissing fraud claim based on defendant's failure to disclose securitization of plaintiffs' home loans because "securitization merely creates a separate contract, distinct from [p]laintiffs['] debt obligations under the note and does not change the relationship of the parties in any way"); see also Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 514-15 (Cal. Ct. App. 2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged.") (citations omitted).  Therefore, the

11

parties' rights and obligations regarding the mortgage loan on the subject property were not impacted in any manner by the fact that that loan was securitized, or by the terms of any separate agreement underlying that securitization. The mere fact that Deutsche Bank allegedly concealed the information concerning securitization of the loan could not have caused the damages plaintiffs allege, which are based on that defendant's alleged actions in seeking to foreclose on the loan. Accordingly, the information plaintiffs allege Deutsche Bank concealed has no causal connection to the damages they allege in the complaint. See Nagy, 210 Cal. App. 3d at 1269 ("[T]he pleading must show a cause and effect relationship between the fraud and damages sought . . . ."). Therefore, plaintiffs cannot maintain a fraud action against Deutsche Bank on the basis that that defendant concealed the fact that the mortgage loan was securitized. See id. ("Fraudulent representations which work no damage cannot give rise to an action at law."). Accordingly, the court recommends that plaintiffs' eighth claim for "security fraud" be dismissed without leave to amend.[2]

IV.   Conclusion

While the undersigned would ordinarily grant plaintiffs leave to amend their complaint to address its deficiencies, such an exercise would be futile in this case as plaintiffs cannot state a cognizable claim against either defendant named in the complaint through any of the eight causes of action they assert for the reasons discussed above. Because granting plaintiffs leave to amend would be futile, the undersigned recommends that this action be dismissed without leave to amend. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend.

2. Plaintiffs' motion to proceed in forma pauperis (ECF No. 2) be denied as moot.

---

[2] It appears that plaintiffs do not assert this claim against the Solano County Sheriff's department. (See ECF No. 1 at 10-11.) To the extent that they do, however, plaintiffs fail to allege any facts regarding that defendant's involvement in the alleged fraudulent conduct, and, based on the facts alleged with regard to plaintiffs' eighth cause of action, and elsewhere within the complaint, it appears that that defendant had no involvement. Therefore, the court recommends that plaintiff's eighth claim also be dismissed without leave to amend with regard to the Solano County Sheriff's Department to the extent that plaintiffs assert their claim against that defendant.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: January 12, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE